08-1919-ag
Duan v. Holder

BIA
Hom, IJ
A76 124 328

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of February, two thousand ten.

PRESENT:

JON O.NEWMAN,[1]
ROSEMARY S. POOLER,
DEBRA ANN LIVINGSTON,
    *Circuit Judges.*

_____

HONG DUAN,
    *Petitioner,*

    v.                    08-1919-ag
                               NAC

ERIC H. HOLDER JR., UNITED STATES ATTORNEY GENERAL,[2]
    *Respondent.*

_____

[1] The Honorable Sonia Sotomayor, originally a member of this panel, was elevated to the Supreme Court on August 8, 2009. The Clerk has designated, by random selection, the Honorable Jon O. Newman to replace her. <u>See</u> Local Rule 0.14(2).

[2] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR PETITIONER:**  David J. Rodkin, New York, New York.

**FOR RESPONDENT:**  Gregory G. Katsas, Assistant Attorney General; Carl H. McIntyre, Assistant Director; Justin R. Markel, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Hong Duan, a native and citizen of the People's Republic of China, seeks review of a March 28, 2008 order of the BIA, affirming the May 15, 2006 decision of Immigration Judge ("IJ") Sandy K. Hom, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re Hong Duan*, No. A76 124 328 (B.I.A. Mar. 28, 2008), *aff'g* No. A76 124 328 (Immig. Ct. N.Y. City May 15, 2006).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, we note that the government correctly argues that Duan waives any challenge to the agency's denial of his application for relief insofar as it

2

was based on his family planning claim. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005). Likewise, Duan waives any challenge to the agency's denial of his application for CAT relief. *Id.* We do not agree, however, with the government's contention that Duan waives any challenge to the IJ's burden of proof finding. Indeed, as the BIA indicated, the IJ's burden of proof finding was inextricably linked to his adverse credibility determination, which Duan challenges before this Court. Additionally, the government incorrectly argues that Duan failed to exhaust before the BIA his argument that the IJ erred in concluding that his whistle blowing activities did not constitute a protected ground under the Immigration and Nationality Act. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007). We need not consider this argument, however, where the IJ alternatively considered his whistle blowing activities as an exercise of his political opinion and, as discussed below, reasonably found him not credible. *See Jin Hui Gao v. U.S. Att'y Gen.*, 400 F.3d 963, 964 (2d Cir. 2005).

When, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any

3

of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions – or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir. 2007).

Substantial evidence supports the agency's adverse credibility determination. *See Jin Hui Gao*, 400 F.3d at 964.[3] Indeed, the IJ reasonably found implausible Duan's purported ability to obtain an exit permit and depart China using his own passport, particularly where he claimed that the Public Security Bureau ("PSB") sought to arrest him and where there was evidence in the record that the PSB is the office that issues exit permits and provides fugitive lists to Chinese airports. *See Ying Li v. BCIS*, 529 F.3d 79, 82-83 (2d Cir. 2008). Moreover, Duan waives any specific

---

[3] Duan incorrectly argues that in finding him not credible both the IJ and BIA ignored our order on remand by failing to apply the principles addressed in *Secaida-Rosales v. INS*, 331 F.3d 297 (2d Cir. 2003). To the contrary, both the IJ and the BIA applied the principles discussed in that case.

challenges to the IJ's findings that: (1) it was implausible that Chinese government officials would have selected him to be a member of a corruption task force; and (2) that he failed to submit sufficient corroborating evidence. *See Yueqing Zhang*, 426 F.3d at 541 n.1, 545 n.7.

Ultimately, because a reasonable fact-finder would not be compelled to conclude to the contrary, the IJ's adverse credibility determination was supported by substantial evidence. *See Shu Wen Sun*, 510 F.3d at 379. Thus, the agency's denial of Duan's applications for asylum and withholding of removal based on his political opinion was proper. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006) (recognizing that withholding of removal necessarily fails if the applicant is unable to show the objective likelihood of persecution needed to make out an asylum claim).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk